IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CV-92-RAH-WC |
| | ) | |
| MUNICIPAL COURT OF DOTHAN, ALABAMA, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 17, 2020, the Court denied Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 8). *See* Doc. 10. The Court further ordered Plaintiff to pay the civil filing fee in this case by August 31, 2020, and cautioned Plaintiff that his failure to pay the civil filing fee may result in the case being dismissed for failure to prosecute and abide by the orders of the Court. *Id.*

Despite being warned of a possible dismissal of this case, Plaintiff has failed to comply with the Court's Order requiring him to pay the civil filing fee. Therefore, the undersigned concludes that this case is due to be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where a litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts

"to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice for Plaintiff's failure to comply with the Court's order to pay the required civil filing fee.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **September 17, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 3rd day of September, 2020.

                          /s/ Stephen M. Doyle
                          STEPHEN M. DOYLE
                          CHIEF UNITED STATES MAGISTRATE JUDGE